PETROPLUS, JUDGE:
These cases involved the same set of facts, and were consolidated for the purpose of the hearing. The claims were filed for the loss of certain cattle by poisoning and for injuries to other cattle, attributing the sickness and death of the animals to eating wilted wild cherry leaves or shrubs which had been cut on the State’s right of way by employees of the West Virginia Department of Highways, and allegedly permitted to lie on the right of way of the road where the leaves or shrubs could be reached and eaten by the livestock pastured on farms adjoining the road.
The damages are based on the alleged negligence of the employees of the State Road Commission either in the failure to pick up the debris from the right of way or leaving the *164 fragments in such a position where they would be accessible to cattle.
The evidence introduced at the hearing established that wild cherry leaves or shrubs are very toxic and high in prussic acid, especially for the first twenty-four hours after they have been cut, and will cause the death of field cattle if eaten.
Although, admittedly, prussic acid in vegetation is highly poisonous to cattle, the standard of care required of employees of the State Road Commission is that required of a person of ordinary prudence under the same circumstances.
It must be shown that the employees either have knowledge of the hazard, or as reasonably prudent persons, should have had such knowledge. The contention of the Claimants is that the Respondent failed to exercise ordinary care to prevent injury to their cattle, and that they knew or should have known that the cutting of wilted cherry trees and shrubs was a dangerous act and that the leaves being edible would cause the death or sickness of livestock. Claimants contend that the Respondent did not exercise ordinary care to avoid the consequences of this negligence and should have anticipated that the animals would consume the dangerous substance.
A requisite of proximate cause is an act or omission which a person of ordinary prudence could reasonably foresee might naturally produce an injury. The criterion of care is that of a reasonably prudent man, and not a reasonably prudent farmer. We cannot apply a higher standard of care to* the Respondent’s act than the circumstances warranted. Since it is not common knowledge that wild cherry leaves are toxic to cattle, particularly when in a wilted condition, we cannot hold the Respondent’s employees should have anticipated the injury to the animals; leaving the vegetation on the right of way of the road after it was cut down does not constitute negligence, and even though we assume that it did, an ordinarily prudent person could not have anticipated that the omission would expose cattle in an adjoining field to danger.
For the foregoing reasons, it is the opinion of the Court that no negligence has been proved in this case and the claims are accordingly denied.
Claims disallowed.